**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

HENRIETTA MANCINI,

         Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A.

        Defendant.

_____/

**COMPLAINT**

**COMES NOW**, the Plaintiff, HENRIETTA MANCINI, by and through undersigned counsel, and brings this action against the Defendant, JPMORGAN CHASE BANK, N.A. ("JPM"), and as grounds thereof would allege as follows:

**INTRODUCTION**

1.      This action is brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA").

2.      Plaintiff alleges that Defendant has unlawfully called her cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention of the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with the TCPA.

3.      The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio

*FD-2359*

common carrier service, or any service for which the called party is charged for the call." 47

U.S.C. §227(b)(1)(A).

## JURISDICTION

4.      This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal

courts have jurisdiction over private suits arising under the TCPA. Mims v. Arrow Financial

Services, LLC, 132 S. Ct. 740 (2012).

5.      Venue in this District is proper because Plaintiff resides here and Defendant does

business and places phone calls into this District.

## PARTIES

6.       At all times relevant to this Complaint, Defendant, JPM, was and is a foreign

corporation, formed under the laws of the State of New York has its principal place of business

in New York.

7.      At all times relevant to this Complaint, JPM has used, controlled, and/or operated

"automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47

C.F.R. 64.1200(f)(2).

8.      At all times relevant to this Complaint, MANCINI, the Plaintiff, was and is a

natural person, as defined by 47 U.S.C. § 153(39).

## BACKGROUND AND GENERAL ALLEGATIONS

9.      Defendant sought to collect a debt from Plaintiff arising from an alleged debt

incurred by Plaintiff for personal, family, or household purposes.

10.     The alleged debt is related to account xxxxxx6531.

11.     Upon information and belief, Defendant, JPM, by and through its agents,

representatives and/or employees acting within the scope of their authority, attempted to collect a

*FD-2359*

debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephones, (954) 515-6249, (954) 600-6555, (530) 416-1811.

12.　　　Upon answering any of these calls, Plaintiff was always greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect the Plaintiff to a live telephone employee.

13.　　　Plaintiff became increasingly frustrated with Defendant's relentless telephone calls and repeatedly asked Defendant to stop calling, including a letter dated August 11, 2009, which expressly demanded that Defendant cease all calls to Plaintiff's telephones.  August 11, 2009 letter is attached hereto as Exhibit "A".

14.　　　Despite Plaintiff's repeated demands, Defendant continued making calls to her cellular telephone and even placed calls to new cellular telephones that were never provided to Defendant.

15.　　　Plaintiff is the sole owner, possessor, subscriber, and user of the cellular telephone that Defendant was calling.

16.　　　These calls occurred throughout the year of 2013.

17.　　　At least a portion of these calls were in regards to the above-referenced alleged debt.

18.　　　Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

19.　　　Plaintiff was damaged by these illegal calls. Her privacy was improperly invaded, minutes were used from her cell phone plans and she was forced to spend time tending to unwanted calls.

*FD-2359*

20.      None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

21.      Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

## COUNT I- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)

22.      Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 21.

23.      Defendant placed many non-emergency calls, including but limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C §227 (b)(1)(A)(iii).

24.      It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system without their express consent.

25.      Plaintiff did not expressly consent to JPM to contact via cellular phone, and even if Plaintiff had, the August 11, 2009 letter attached as Exhibit "A" was an express revocation of any such consent. *See* Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014). Even oral instructions to cease calls effectively revoke any prior consent the caller may have had. *See* Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

26.      The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system.

27.      According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and

*FD-2359*

inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

28.     Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

29.     In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

30.      Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

31.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).

32.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C §227 (b)(1)(A)(iii).

33.     As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to

*FD-2359*

mental pain and shock, suffering, aggravation, humiliation and embarrassment.

34.     As a result of Defendant's violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35.     Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for statutory damages of $1,500.00 for each and every violation, an order be entered enjoining Defendant from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, HENRIETTA MANCINI, hereby demands a trial by jury of all issues so triable.

> LOAN LAWYERS, LLC
> *Attorneys for Plaintiff*
> 2150 S. Andrews Ave. 2nd Floor
> Ft. Lauderdale, Florida 33316
> Telephone:     (954) 523-4357
> Facsimile:     (954) 581-2786
>
> Respectfully Submitted,
>
>
> /s/ *Steven Zakharyayev*
> STEVEN ZAKHARYAYEV, ESQ.
> Florida Bar Number: 86607
> E-mail:     steven@floridaloanlawyers.com
> YECHEZKEL RODAL, ESQ.
> Florida Bar Number: 91210
> E-mail:     chezky@floridaloanlawyers.com

*FD-2359*