UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: CASE NO.: 15-cv- 61524-UU

HENRIETTA MANCINI,

      Plaintiff,

vs.

JP MORGAN CHASE BANK, N.A.

      Defendant.
_____/

## SECOND AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, HENRIETTA MANCINI, by and through undersigned counsel, and brings this action against the Defendant, JP MORGAN CHASE BANK, N.A. ("CHASE"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA"). Plaintiff alleges that Defendant has unlawfully called her cellular telephone in an attempt to collect an alleged debt in direct contravention of the TCPA.

2. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

## JURISDICTION

3. This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012).

4. Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

## PARTIES

5. At all times relevant to this Complaint, Defendant, CHASE, was and is a foreign corporation, formed under the laws of the State of New York has its principal place of business in New York.

6. At all times relevant to this Complaint, CHASE has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

7. At all times relevant to this Complaint, MANCINI, the Plaintiff, was and is a natural person, as defined by 47 U.S.C. § 153(39).

## BACKGROUND AND GENERAL ALLEGATIONS

8. On June 17, 2005, Plaintiff executed a promissory note and mortgage in favor of Chase Bank USA, N.A. for a loan to purchase her home and primary residence in the amount of $140,000.00.

9. At some point in time thereafter, Chase began servicing Plaintiff's mortgage loan on her home at 2618 Sheridan Street, Hollywood, Florida 33020, and refers to the loan as account xxxxxx7016.

10. Chase also serviced a second loan on 100 N.W. 53rd Ct., Ft. Lauderdale, Florida

33309, which it refers to as account xxxxxx6531.

11.     Upon information and belief, Defendant, CHASE, by and through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephones, (954) 515-6249, (954) 600-6555, (530) 416-1811.

12.     Chase's call originated from various numbers, including but not limited to 800-848-9380.

13.     Upon answering any of these calls, Plaintiff was greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect the Plaintiff to a live telephone employee.

14.     Plaintiff became increasingly frustrated with Defendant's relentless telephone calls and repeatedly asked Defendant to stop calling, including a letter that Plaintiff faxed to Chase on or about August 11, 2009, which expressly demanded that Defendant cease all calls to Plaintiff's telephones.

15.     A copy of the August 11, 2009 letter is attached hereto as Exhibit "A".

16.     Despite Plaintiff's repeated demands, Defendant continued making calls to her cellular telephone and even placed calls to new cellular telephone numbers that were never provided to Defendant.

17.     Upon information and belief, Chase obtained Plaintiff new cellular telephone numbers via "skip tracing".

18.     Defendant continued calling Plaintiff's cellular telephone via an automatic telephone dialing system from 2009 through 2013. The last call placed to Defendant's cellular

telephone was in December 2013[1]. Plaintiff is seeking relief under the TCPA for any calls placed between June 27, 2011 up to and including the date in which this action commenced.

19. Chase was calling Plaintiff with regards to an alleged default on her mortgage loan.

20. Plaintiff is the sole owner, possessor, subscriber, and user of the cellular telephone that Defendant was calling.

21. At least a portion of these calls were in regards to the above-referenced alleged debts.

22. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

23. Plaintiff was damaged by these illegal calls. Her privacy was improperly invaded, minutes were used from her cell phone plans and she was forced to spend time tending to unwanted calls.

24. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

25. In light of the cease and desist letter dated August 11, 2009, and Plaintiff's repeated demands to Defendant to stop calling her cellular telephone, Defendant knew their collection techniques were in violation of the TCPA. Therefore, Defendant's calls amount to a willful and knowing violation of the TCPA.

26. Moreover, upon information and belief, Chase engages in the use of "cell-phone scrubbing" technology which enables companies to authoritatively determine the phone type as

---

[1] While Plaintiff is not currently in possession of the exact dates and times of the alleged calls, Chase is. Plaintiff has provided Chase with the name, address and account number for the loans as well as the numbers called, the number called from as well as the time frame. The exact dates and times of the calls will be obtained through discovery.

wireless or wireline. Thus, Chase knew it was dialing Plaintiff's cellular telephone number when it placed the calls and knew that it didn't have Plaintiff's consent to dial her cellular telephone number via an Automatic Telephone Dialing System.

27. Further, just around the filing of the instant action, Plaintiff received a notice of class action settlement in the TCPA class action lawsuit entitled *Allen v. JP Morgan Chase Bank, N.A.*, Case No. 1:13-cv-8285 (N.D. Ill.).

28. The class action notice identified Plaintiff as a potential member of the Settlement Class per Chase's records. Thus, Chase is plainly aware of Plaintiff's TCPA claims against it[2].

## COUNT I- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)

29. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

30. Defendant placed many non-emergency calls, including but limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C §227 (b)(1)(A)(iii).

31. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system without their express consent.

32. Plaintiff did not expressly consent to CHASE to contact via cellular phone, and even if Plaintiff had, the August 11, 2009 letter attached as Exhibit "A" was an express revocation of any such consent. *See* Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014). Even oral instructions to cease calls effectively revoke any prior consent the caller may have had. *See* Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

33. The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system.

---

[2] Plaintiff opted out of the class action and settlement and her opt-out letter was timely received by claims administrator on August 17, 2015.

34. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

35. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

36. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

37. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

38. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227(b)(1)(A)(iii).

39. Defendant, through its agents, representatives and/or employees acting within the

scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C §227 (b)(1)(A)(iii).

40. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to, aggravation, humiliation and embarrassment.

41. Additionally, the calls invaded Plaintiff's privacy, diminished the battery life in Plaintiff's cellular telephone, and wasted the data storage capacity in her cellular telephone.

42. As a result of Defendant's violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for $500.00 in statutory damages, for each and every negligent violation, and $1,500.00 for each and every willful or knowing violation, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, HENRIETTA MANCINI, hereby demands a trial by jury of all issues so triable.

LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave. 2nd Floor
Ft. Lauderdale, Florida 33316
Telephone:   (954) 523-4357
Facsimile:    (954) 581-2786

Respectfully Submitted,

/s/ *Yechezkel Rodal*
YECHEZKEL RODAL, ESQ.
Florida Bar Number: 91210
E-mail:   chezky@floridaloanlawyers.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on October 26, 2015 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Thomas H. Loffredo, Esq.
GrayRobinson, P.A.
401 E. Las Olas Blvd., Suite 1000
Fort Lauderdale, FL 33301
Counsel for Defendant
Service by CM/ECF

                                            LOAN LAWYERS, LLC
                                            Attorneys for Plaintiff
                                            2150 S. Andrews Avenue, 2nd Floor
                                            Fort Lauderdale, Florida 33316
                                            Telephone:    (954) 523-4357
                                            Facsimile:     (954) 581-2786

                                            /s/ *Yechezkel Rodal*
                                            YECHEZKEL RODAL, ESQ.
                                            Florida Bar Number: 91210
                                            E-mail:    chezky@floridaloanlawyers.com